IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. CIVIL ACTION NO. 1:26-cv-00160-HSO-BWR

APPROXIMATELY
$33,600.00 U.S. CURRENCY DEFENDANT PROPERTY

**DEFAULT JUDGMENT OF FORFEITURE**

Before this Court is *Plaintiff United States of America's Motion for Default Judgment of Forfeiture* [12]. Having considered the motion and the relevant statutes and jurisprudence in this matter, this Court finds that the relief the United States seeks has merit and should be granted. This Court further finds and adjudicates as follows:

1. On June 1, 2026, the United States filed a Verified Complaint for Forfeiture *in Rem* [1], alleging that the following asset (the "Defendant Property")

| ASSET ID | Property Description |
|---|---|
| 26-FBI-001412 | Approximately $33,600.00 U.S. Currency |

is subject to forfeiture under 18 U.S.C. §§ 981 (a)(1)(A) and (C) and 2323; because the Defendant Property facilitated, was involved in, or constitutes the proceeds of unlawful activity and was being transmitted by courier, in violation of 18 U.S.C. §§ 371 (conspiracy to commit any specified unlawful activity), 1956(a) (money laundering), 1956(h) (money laundering conspiracy), 1957 (money laundering), 1960 (unlicensed money transmitting businesses), and 2320 (trafficking in counterfeit goods or services).

2. On June 2, 2026, the Court issued a Warrant of Arrest *in Rem* [4] as to the Defendant Property. This Warrant [4] was executed on June 8, 2026. *See* Executed Warrant of Arrest in Rem [5].

3. On June 2, 2026, the United States filed its *Notice of Complaint for Forfeiture* [2] (the "Notice"). Under Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States attempted to serve direct written notice of this civil asset forfeiture action, including copies of the Verified Complaint [1] and the Notice. As set forth in the United States' Proof of Service [6], notice was served via FedEx on the following known potentially interested parties: Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, and Gudelia Ugarte.

4. Beginning on June 3, 2026, the United States published for thirty (30) consecutive days on an official government internet website at www.forfeiture.gov, notice of the instant case, as evidenced by the Proof of Publication [7].

5. The aforementioned publication and direct notices informed Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, and any and all persons or entities who have or claim an interest in the above-described property that the United States is pursuing forfeiture against the Defendant Property and that this instant civil forfeiture action was pending. The publication and direct notices also informed said persons and entities that they had thirty-five (35) days after being sent direct notice or sixty (60) days after the first date of the published notice to file a claim, and twenty-one (21) days thereafter to file an

answer. Furthermore, the notices referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, and the direct Notice warned that if this Supplemental Rule was not strictly followed, the Court could enter default judgment of forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

6. As of this date, no claims, answers, or appearances have been filed to assert an interest in the Defendant Property, or to otherwise defend against this instant civil forfeiture action, by Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, or any other person or entity. Thus, the time pursuant to Supplemental Rule G for Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, or any other person or entity to file a valid claim or answer in this action has lapsed.

7. As such, Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, and all other possible claimants are in total default; the Clerk of Court's August 13 and 24, 2026, Entries of Default [9, 11] were proper; and the United States is entitled to a default judgment of forfeiture against the full interests of Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, and all other persons or entities in the Defendant Property, all without the necessity of further notice to Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, or any other person or entity.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:

a. The United States of America is hereby given a default judgment of forfeiture against the full interests of Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, and all other persons and entities in the Defendant Property, forfeiting to the United States any interest such individuals and/or entities may have in the Defendant Property described below:

| ASSET ID | Property Description |
|---|---|
| 26-FBI-001412 | Approximately $33,600.00 U.S. Currency |

b. Any administrative claims or interests therein of Aurora Altamirano, Dogukan Beydemir, Delitzel Jewelry, Huseyin Sekerci, Gudelia Ugarte, and all other persons and entities in the Defendant Property are hereby canceled.

c. The Defendant Property is referred to the custody of U.S. Marshals Service for disposition in accordance with the relevant law and regulations.

**SO ORDERED AND ADJUDGED**, this the 25th day of August, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE